UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:12-CV-00201-TBR

**RAY A. TOMASSI**                                                                                    **PLAINTIFF**

v.

**MDS, INC.**                                                                                          **DEFENDANT**

MEMORANDUM OPINION & ORDER

This matter is before the Court on the Plaintiff's motion to remand or, alternatively, abstain. (DN 6). Defendant has responded (DN 12), and Plaintiff has replied. (DN 13.) Also before the Court is Defendant's motion to refer this action to the United States Bankruptcy Court for the Western District of Kentucky, Paducah Division. (DN 7.) Plaintiff has responded. (DN 11.) These matters are now ripe for adjudication. For the following reasons, Defendant's motion for reference to the bankruptcy court is GRANTED, and Plaintiff's motion to remand is REFERRED to the bankruptcy court for further proceedings.

BACKGROUND

Plaintiff, Ray A. Tomassi ("Plaintiff"), alleges that on or about April 30, 2010, he injured his lumbar spine in a work-related injury while working as a service technician for Defendant, MDS, Inc. d/b/a Mike Smith Kia ("Defendant" or "MDS"). Sometime thereafter, Plaintiff filed a claim for worker's compensation benefits. On October 1, 2010, MDS terminated his employment. Then, on July 7, 2011, Plaintiff and his wife, Angela L. Tomassi, filed a Voluntary Petition in Bankruptcy in the United States Bankruptcy Court for the Western District of Kentucky, Paducah Division, styled *In re Tomassi*, Case No. 11-BK-50656. (*See* Notice of Removal, Ex. 1, DN 1-1.) Among the assets of his estate, Plaintiff listed his worker's

1

compensation administrative claim against MDS, but he did not list any claim or potential claim against MDS arising from the termination of his employment. The Tomassis' plan, a 70% plan, was confirmed on September 2, 2011.

On September 28, 2011, Plaintiff then filed a Complaint in the McCracken Circuit Court alleging that MDS wrongfully terminated him "in retaliation for filing a lawful worker's compensation claim, in violation of KRS 342.197." Plaintiff seeks compensatory damages, including emotional distress damages, attorney's fees, costs, and expenses under Kentucky law. After beginning litigation in the McCracken Circuit Court, MDS thereafter removed the action to this Court on December 18, 2012, pursuant to 28 U.S.C. §§ 1334(b) and 1452(a). Following removal to federal court, on January 4, 2013, Plaintiff amended his bankruptcy petition, listing the "legal claim against MDS . . . for damages due to wrongful employment termination" on the appropriate schedules. Plaintiff thereafter filed the instant motion to remand on January 30, 2013, arguing that this Court lacks jurisdiction over his claim. In the event the Court finds that bankruptcy jurisdiction exists, Plaintiff alternatively requests the Court abstain from exercising such jurisdiction. Defendant opposes remand and moves the Court to refer this matter to the bankruptcy court.

## DISCUSSION

### I.

MDS contends removal was proper because the Court has bankruptcy jurisdiction pursuant to 28 U.S.C. § 1334(b). In both his motion to remand and his reply in support of remand, Plaintiff seems to improperly conflate this Court's subject matter jurisdiction with mandatory abstention under 28 U.S.C. § 1334(c)(2). (*See, e.g.*, Pl.'s Mot. for Remand, 1, DN 6 (citing Section 1334(c)(2) in support of contention that "[t]his Court no longer has even arguably

a basis to exercise jurisdiction over this case").) However, "[m]andatory abstention under section 1334(c)(2) is not jurisdictional" and, thus, the Court first must address whether it has jurisdiction over this matter before addressing whether abstention is proper. *Robinson v. Michigan Consol. Gas Co.*, 918 F.2d 579, 584 (6th Cir. 1990); *see also McKinstry v. Sergent*, 442 B.R. 567, 570 (E.D. Ky. 2011) (noting the same).

Under Section 1334(b), "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). Since these categories operate conjunctively to define the scope of jurisdiction, the Sixth Circuit has stated that "it is necessary only to determine whether a matter is at least 'related to' the bankruptcy." *Mich. Emp't Sec. Comm'n v. Wolverine Radio Co.* (*In re Wolverine Radio Co.*), 930 F.2d 1132, 1141 (6th Cir. 1991). The Sixth Circuit has adopted the expansive definition of a "related to" proceeding first articulated by the Third Circuit in *Pacor, Inc. v. Higgins* (*In re Pacor*). *See id.* at 1142 (adopting *In re Pacor*, 743 F.2d 984 (3d Cir. 1984), *overruled on other grounds by Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 124-25 (1995)). Under this definition, a proceeding is "related to" a bankruptcy action if "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *In re Pacor*, 743 F.2d at 994 (emphasis omitted). "An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *Robinson*, 918 F.2d 583 (quoting *In re Pacor*, 743 F.2d at 994). This is a "broad" basis for jurisdiction that "empowers courts to deal efficiently and effectively with the entire universe of matters connected with bankruptcy estates." *McKinstry*, 442 B.R. at 573 (quoting *Kelley v. Nodine* (*In re Salem Mortg. Co.*), 783 F.2d 626, 633-34 (6th

3

Cir. 1986) and *Boston Reg'l Med. Ctr., Inc. v. Reynolds* (*In re Boston Reg'l Med. Ctr., Inc.*), 410 F.3d 100, 105 (1st Cir. 2005)) (internal quotations omitted).

The Court finds the instant case is "related to" Plaintiff's bankruptcy because, first, it could conceivably impact the handling and administration of the bankrupt estate. As Plaintiff admits, in the event the action against MDS is successful, "Ray and Angela Tomassi's creditors may receive a larger distribution." (Pl's. Reply, 2, DN 13.) There is a sufficient conceivable effect to confer the Court with "related to" jurisdiction.

Plaintiff cites to the Third Circuit's opinion *Binder v. Price Waterhouse & Co., LLP* (*In re Resorts Int'l, Inc.*), 372 F.3d 154 (3d Cir. 2004), which reflects some courts' view that "related-to" jurisdiction narrows after plan confirmation. *See Equipment Finders, Inc. of Tenn. v. Fireman's Fund Ins. Co.* (*In re Equipment Finders, Inc. of Tenn.*), 473 B.R. 720, 732 (Bankr. M.D. Tenn. 2012) (collecting cases). Because the estate essentially ceases to exist post-confirmation, these courts reason that it is "technically impossible for post-confirmation claims to meet the ordinary test for pre-confirmation-related-to jurisdiction—whether the claims could have any conceivable effect on the estate." *McKinstry*, 442 B.R. at 574. Under these courts' formulation, post-confirmation jurisdiction exists only when there is a "close nexus" between the plaintiff's claim and bankruptcy—in other words, matters "that affect the interpretation, implementation, consummation, execution, or administration of the confirmed plan." *In re Resorts Int'l, Inc.*, 372 F.3d at 167.

Even applying this narrower test, the Court would still have jurisdiction. Plaintiff was terminated from his employment with MDS on October 1, 2010. Plaintiff and his wife filed for bankruptcy more than nine months later, on July 7, 2011. Thus, any potential claim Plaintiff had arising from his termination would properly be included in the bankruptcy estate, unless exempt.

*See* 11 U.S.C. § 541(a)(1) (bankruptcy estate is comprised of "all legal or equitable interests of the debtor in property *as of the commencement of the case*") (emphasis added). Plaintiff's claims in this suit are "not merely ancillary matters that arose after confirmation of the bankruptcy plan"; rather, his claim concerns Defendant's pre-petition conduct. *See McKinstry*, 442 B.R. at 573. Finally, although Plaintiff contends that his claim in the instant action is exempt from inclusion in the bankruptcy estate, the Bankruptcy Trustee has filed a motion contesting Plaintiff's claimed exemption. *See* Ch. 13 Trustee's Limited Objection to Debtor's Claimed Exemption at 1, *In re Tomassi*, 11-BK-50656, DN 49. Should this motion be granted, the Trustee has requested that "[a]ny proceeds [from the instant suit] above $9,150 should be turned over to the Chapter 13 Trustee in an amount that will allow this case to be paid off at 100%." *Id.* Thus, the implementation and execution of the bankruptcy plan is directly at issue, and this matter is at least "related to" a case arising under Title 11.

## II.

Having determined it has jurisdiction over this case, the Court concludes that Plaintiff's abstention argument is best decided by the bankruptcy court. Specifically, Plaintiff argues that under 28 U.S.C. § 1334(c)(2) the Court has no choice but to mandatorily abstain from hearing this case. Section 1334(c)(2) states that:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

For mandatory abstention to apply under § 1334, then, a proceeding must: (1) be based on a state law claim or cause of action; (2) lack federal jurisdiction absent the bankruptcy; (3) be

commenced in a state forum of appropriate jurisdiction; (4) be capable of timely adjudication; and (5) be a non-core proceeding. *Johnson v. Fifth Third Bank, Inc.*, 476 B.R. 493, 500 (W.D. Ky. 2012) (McKinley, C.J.) (citing *Lindsey v. O'Brien, Tanski, Tanzer, & Young Health Care Providers of Conn.* (*In re Dow Corning Corp.*), 86 F.3d 482, 497 (6th Cir. 1996)).

To decide whether it must abstain, the Court must determine whether this action involves "core" bankruptcy claims: "claims over which the bankruptcy court is at the height of its power." *McKinstry*, 442 B.R. at 570 (referring motion to remand or abstain to bankruptcy court). *See also* Fed. R. Bankr. P. 5011, cmt. (b) ("The bankruptcy judge ordinarily will be in the best position to evaluate the grounds asserted for abstention"); *Chrysler LLC v. Getrag Transmission Mfg., LLC*, 2009 WL 799038, at *2 (E.D. Mich. Mar. 23, 2009) (holding that bankruptcy court has authority to determine questions of abstention or remand to state courts); *Navon v. Mariculture Prods. Ltd.*, 395 B.R. 818, 822-23 (D. Conn. 2008) ("[I]t should be within the bankruptcy court's province to rule on whether abstention is appropriate"). This factor, combined with Local Rule 83.12's authorization to refer the instant matter to the bankruptcy court, leaves the Court inclined to refer Plaintiff's motion to remand or abstain for the bankruptcy court. *See* L.R. 83.12(a)(4) ("All actions for removal of claims under 28 U.S.C. § 1452(a) and (b) that relate to bankruptcy cases, except proceedings involving tort claims for personal injury or wrongful death" are referred to Bankruptcy Court judges).

## CONCLUSION

The Court having concluded that it has jurisdiction over this case, the Clerk of Court is directed to REFER this matter to the bankruptcy court for further proceedings. Vjg"vgrgrjqpke eqphgtgpeg"ugv"Crtkn"45."4235"ku"ecpegngf0

CC: Counsel